**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Doug Oppenheimer,

    Plaintiff,                      Case No. 1:20cv371

    v.                              Judge Michael R. Barrett

City of Madeira, Ohio, *et al*.,

    Defendants.

## OPINION & ORDER

This matter is before the Court upon the Motion to Dismiss filed by Defendant City of Madeira, Ohio. (Doc. 7). Plaintiffs filed a Response in Opposition (Doc. 9). Defendant did not file a reply.

### I. BACKGROUND

Plaintiff explains that he serves as a "governmental watchdog" over the City of Madeira. (Doc. 1, ¶ 12). Plaintiff claims that in order to silence his criticism, in 2018, city officials filed a lawsuit to declare him a vexatious litigator in the Hamilton County Court of Common Pleas pursuant to Ohio Revised Code § 2323.52. (Id., ¶ 43, 51). Plaintiff claims that the state court action was filed in retaliation for the exercise of his First Amendment rights and to intimidate him from continuing to exercise his First Amendment rights. Plaintiff commenced this federal lawsuit to bring claims pursuant to 42 U.S.C. § 1983 based on a violation of his First Amendment rights; and pursuant to 28 U.S.C. § 2201 seeking a declaration that Ohio Revised Code § 2323.52 is unconstitutional as applied to him. Plaintiff brings his claims against the City of Madeira and ten unnamed City of Madeira officials.

Defendant maintains that Plaintiff's claims should have been brought as a counterclaim in the state court case, and are barred by the doctrine of collateral estoppel. Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. ANALYSIS

### A. Standard of Review

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim has this baseline plausibility if the facts stated therein "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The standard set forth by the Supreme Court in *Twombly* and *Iqbal* requires "more than a sheer possibility" that the defendant is liable, but a claim need not rise to the level of probability. *Id*.

### B. Compulsory counterclaim

Defendant argues that pursuant to Ohio Rule of Civil Procedure 13(A), Plaintiff's federal claims were compulsory counterclaims in the state court action brought against him.

Ohio Rule of Civil Procedure 13(A) states "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Ohio R. Civ. P. 13(A). As

this Court has previously explained:

> Ohio courts use a two-pronged test when applying Rule 13(A): (1) does the claim exist at the time of serving the pleading; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim. *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St. 3d 274, 277, 626 N.E.2d 99, 102 (Ohio 1994) (citing *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 14, 457 N.E.2d 827, 829 (Ohio 1984)). "If both prongs are met, then the present claim was a compulsory counterclaim in the earlier action and is barred by virtue of Civ.R. 13(A)." *Id*.

*Bell v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 1:16CV685, 2020 WL 2099924, at *3 (S.D. Ohio May 1, 2020).

However, Plaintiff questions whether this rule can be enforced here. In *Quality Assocs., Inc. v. Procter & Gamble Distributing*, LLC, the Sixth Circuit held that "a federal court cannot enforce a *state* compulsory counterclaim rule against a *federal* litigant while the relevant state litigation is still pending." 949 F.3d 283, 285 (6th Cir. 2020) (emphasis in original). The Sixth Circuit explained that it had only "enforced" state compulsory-counterclaims by way of preclusion doctrine. *Id*. at 288. Therefore, Ohio Rule of Civil Procedure 13(A) is not grounds for dismissal.

C. **Collateral estoppel**

The United States Supreme Court has explained that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).[1] As long as the party against whom the doctrine is invoked had a full and fair opportunity to

---

[1] The Court notes that Defendant relies on the requirements for collateral estoppel under federal law which were set forth in *Cobbins v. Tenn. Dep't of Tramp.*, 566 F.3d 582, 589-90 (6th Cir. 2009) (citing *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987)).

litigate the issue, a federal court can collaterally estop a party from re-litigating a constitutional matter in a 42 U.S.C. § 1983 action. *Allen v. McCurry*, 449 U.S. at 101, 103-104, 101 S.Ct. 411 (1980).

In Ohio, collateral estoppel applies "when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Daubenmire v. City of Columbus*, 507 F.3d 383, 389 (6th Cir. 2007) (quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 637 N.E.2d 917, 923 (Ohio 1994)).

Since the parties briefed the issue, there has been a final judgment in state court vexatious litigator action. The Hamilton County Court of Common Pleas granted summary judgment in favor of Plaintiff, finding that the City had not established that Plaintiff "habitually, persistently, and without reasonable grounds engaged in vexatious conduct" pursuant to Ohio Revised Code § 2323.52(A)(3). *City of Madeira v. Philip Douglas Oppenheimer*, Case No. A-18-02415 (Oct. 28, 2020).[2] The decision says nothing with regard to whether the state court proceeding was brought by Defendant in

---

[2] The grant of summary judgment constitutes a final judgment on the merits of the City's claim. *Hapgood v. City of Warren*, 127 F.3d 490, 493-94 (6th Cir. 1997). While the City filed an appeal on December 28, 2020, the "prior state court judgment remains 'final' for preclusion purposes, unless or until overturned by the appellate court." *Hapgood*, 127 F.3d at 494, n.3. (citing *Cully v. Lutheran Med. Ctr.*, 37 Ohio App.3d 64, 523 N.E.2d 531, 532 (Ohio Ct. App. 1987)). While Defendant did not raise it here, under Ohio's doctrine of claim preclusion "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id*. at 493 (citing *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (Ohio 1995) The elements of claim preclusion in Ohio are: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Id*. at 493 (citing *Felder v. Community Mut. Ins. Co.*, No. 96–3320, 1997 WL 160373, at **3-4 (6th Cir. April 4, 1997)).

retaliation for Plaintiff's exercise of his First Amendment rights.

However, Defendant chooses a different decision to serve as the basis for collateral estoppel: the Common Pleas decision denying Plaintiff's First Motion for Sanctions. Based on the record currently before the Court, the Court is unable to make a determination regarding the applicability of collateral estoppel in this matter. Plaintiff certainly argued in his First Motion for Sanctions, filed on February 4, 2019, that: "The improper purpose of the City of Madeira (and the individual councilmembers and/or public officials of the City of Madeira) in bringing this SLAPP[3] Lawsuit is clearly to retaliate against Mr. Oppenheimer for the full exercise of his fundamental First Amendment rights of freedom of speech, freedom to petition government for redress of grievances, freedom of association and freedom of the press; and, in so retaliating, causing him to incur significant expense to defend against this SLAPP Lawsuit and to stifle himself through self-censorship so as to inhibit the full and robust exercise of his First Amendment rights." While the publicly available docket shows that on October 28, 2019, the Court of Common Peas denied the sanctions motion, the entry does not provide any basis for the denial. Therefore, to the extent that Defendant moves for the application of issue preclusion, Defendant's Motion is Dismiss is DENIED.

### III. <u>CONCLUSION</u>

Based on the foregoing, the Motion to Dismiss filed by Defendant City of Madeira, Ohio (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

                                                        */s/ Michael R. Barrett*
                                                  JUDGE MICHAEL R. BARRETT

---

[3]This term stands for "Strategic Lawsuit Against Public Participation."